UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**MARCUS J. LAWRENCE**                                                 **PETITIONER**

v.                                                       **CIVIL ACTION NO. 1:16CV-P161-GNS**

**MATTHEW BEVIN** *et al*.                                                  **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

Petitioner Marcus J. Lawrence initiated the instant *pro se* action by filing a handwritten document which he captioned as a "Common-Law Writ for Habeas Corpus Relief" (DN 1). Lawrence failed to pay the filing fee or to file an application to proceed without the prepayment of fees. Attached to his petition were 36 documents, each of which he captioned "U.S. Federal Warrant & Order to Arrest." The documents demanded the arrest of Governor Matt Bevin, former Governor Steven Beshear, Attorney General Andy Beshear, and numerous other government officials, judges, and other personnel. In addition to these attachments, Petitioner filed two identical copies of a document which he captioned, "Notice to File this United States Court Order Named 'U.S. Federal Warrant & Order to Arrest' Kentucky Governor Matthew G. Bevin" (DNs 5 and 7).

### *Failure to comply with order*

By prior Memorandum and Order (DN 8) entered November 15, 2016, the Court ordered Lawrence, to the extent that he in fact sought habeas relief, to pay the $5.00 filing fee or file an application to proceed without prepayment of fees and affidavit form and a certified copy of his prison trust account statement within 30 days. The Court also ordered Lawrence to file his § 2254 petition on the Court's approved § 2254 petition form and to name the proper Respondent

within 30 days. The Court warned Lawrence that his failure to comply with these requirements would result in dismissal of this action.

More than 30 days passed, and Lawrence failed to comply with the Memorandum and Order. In fact, instead of complying, on November 23, 2016, he re-filed his original handwritten petition (DN 9) and filed a document captioned as a "U.S.C.A. Article III Memorandum of Law to Invoke the Jurisdiction of the United States Federal District Courts Judiciary Power & Legal Authority to Proceed" which named the undersigned as a "Conspiracy member & Defendant" (DN 10).

On November 28, 2016, Lawrence also filed the Court-approved § 2254 petition form, which the Clerk of Court mailed to him, but provided no responsive information in the form and instead largely cited the Fifth Amendment in response to all of the question fields. He also wrote in the caption of the form, "'SORRY FOLKS' Thanks for the Papers, But 'I DO NOT ANSWER TO Greg N. Stivers Courts, & 'I NEVER WILL!'" Greg N. Stiver's, 'GO TO HELL'" (DN 11). Attached to the filing is a post-it note, in which Lawrence wrote the following:

> Dear Greg N. Stivers,
> Tell your Racist Momma that the 20 Black guys who kidnapped, tortured, raped, beat, nearly murdered, assaulted, sodomized her and held her Hostage for 3 years arrest is not a matter of her right to demand, order & Comand & tell the racist Bi*** None of the 20 Black guys arrest is a matter of the Laws they violated. Your Going to Jail & Im Justice Bitch!

In addition, on December 5, 2016, Lawrence filed a document he captioned as "Court Order Demanding a Public Trial by Jury Pursuant to the Seventh Amendment of the United States Federal Constitution" (DN 12).

Lawrence has willfully refused to comply with this Court's Order despite the Court's warning that his failure to comply within the allotted time would result in dismissal of his case.

Therefore, dismissal of this action is appropriate. *See, e.g.*, *Erby v. Kula*, 113 F. App'x 74, 75 (6th Cir. 2004) ("A district court has discretion to dismiss under Rule 41(b) if a party has engaged in contumacious conduct or has actual 'notice that dismissal is contemplated.'" (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)). The Court will dismiss the instant action by separate Order. *See* Fed. R. Civ. P. 41(b) (governing involuntary dismissal).

*Sanctions*

In addition to addressing the above deficiencies with the habeas petition, the Court's prior Memorandum and Order also addressed Lawrence's attempts to have government officials arrested in this Court. The Court pointed out that it had ruled in two prior cases filed by Lawrence, *Lawrence v. Smith*, No. 1:14CV-177-GNS (DN 20, entered October 18, 2016), and *Lawrence v. McConnell*, No. 1:15CV-10-GNS (DN 9, entered November 4, 2016), that Fed. R. Civ. P. 11 permits a district court to impose sanctions on an attorney or unrepresented party who has filed a pleading, motion, or other paper which the court concludes was filed for any improper purpose and/or had no basis in law or fact. Fed. R. Civ. P. 11(b). The prior Memorandum and Order in this action stated that Lawrence has been informed by this Court repeatedly that he cannot initiate federal criminal charges as a private citizen. Therefore, the Court found that the filings attached to the habeas petition in the instant action seeking the arrest of various individuals were filed for an improper purpose and had no basis in law or fact. Moreover, the Court held that Lawrence's conclusory allegations against these individuals were baseless and frivolous on their face and again warned Lawrence that further baseless or frivolous filings in this action or in any other action could result in sanctions imposed against him.

Lawrence has repeatedly attempted to sue or to have the judges of this Court added as Defendants to his lawsuits, presumably in an effort to have the judge recused from the action. *See Lawrence v. Thompson*, No. 3:14CV-919-DJH; *Lawrence v. McConnell*, No. 1:15CV-10-GNS; *Lawrence v. Brown*, 1:15CV-11-GNS; *Lawrence v. Russell*, No. 1:15CV-12-GNS; and *Lawrence v. United States District Court*, 3:16-cv-131-JHM. Despite this Court specifically informing him that he is not permitted to do so and despite this Court's prior warning against baseless or frivolous filings, Lawrence filed the "Memorandum" (DN 10) described above, in which he states:

> "OBJECTION' UNITED STATES Judges Greg N. Stivers, Thomas B. Russell, John G. Heyburn, Joseph H. McKinley, Jr., & David J. Hale have been named a defendant in past proceedings concerning this dispute, conflict, controversy, subject & matter that remains ongoing, still active, continuing and has been not been legally addressed, solved & settled. **UNITED STATES Judges Greg N. Stivers, Thomas B. Russell, John G. Heyburn, Joseph H. McKinley, Jr. & David J. Hale are OREDERED, COMMANDED & DEMANDED to step down, disqualify, recuse, strike & dismiss themselves with extreme prejudice, from participating all past, present & future filings concerning this serious case, dispute, conflict, controversy, subject & matter.**

(Emphasis by Lawrence).

These statements, the threatening statements Lawrence made in the post-it note described above, Lawrence's handwritten comments in the caption of the § 2254 petition form described above, and numerous other statements made about the Court and its judges in this and other lawsuits show Lawrence's utter disregard for the authority of this Court and amount to abusive, vexatious, and harassing conduct. The Court has given him three prior warnings that sanctions may be imposed if he continues his pattern of baseless and frivolous filings.

Moreover, of the ten lawsuits Lawrence has filed in this Court since June 2014, he has paid the filing fee only once.[1] He paid the $5.00 fee for filing a habeas corpus petition in *Lawrence v. Smith*, No. 1:14CV-244-GNS. In each of the other actions, however, he did not pay the filing fee, and he filed an application to proceed without prepayment of fees in only three of the cases. In the other six cases, Lawrence neither paid the filing fee nor filed an application to proceed without the prepayment of fees. In four cases, including this one, he failed to pay the filing fee even though he was ordered to do so by the Court and/or given a notice of deficiency by the Clerk of Court.

Lawrence is well aware of the necessity of paying the filing fee. As the Court previously found in *Lawrence v. Strode*, 1:14CV-P79-TBR (DN 13, entered Aug. 21, 2014), and *Lawrence v. Russell*, No. 1:15CV-12-GNS (DN 7, entered May 7, 2015), the assessment of the filing fee in a prisoner-filed action is governed by 28 U.S.C. § 1915(b) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Section 1915(b)(2) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." Under *McGore v. Wrigglesworth*, 114 F.3d at 605, Lawrence's obligation to pay the filing fee attaches at the time he files his action. Lawrence's repeated failure or refusal to pay the filing fee or to file an application to proceed without the prepayment of fees also demonstrates his blatant disregard of this Court's authority and warrants the imposition of sanctions.

Proceeding without the prepayment of the filing fee is a privilege and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). It is well-established that the federal courts

---

[1] The Court notes that Lawrence filed an eleventh lawsuit, *Lawrence v. Bevin*, No. 1:16CV-P151-GNS, which the Court consolidated with the instant action.

may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam). When a litigant abuses the privilege of proceeding *in forma pauperis* by repeatedly ignoring Court orders and engaging in other contumacious conduct, federal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing, or duplicative lawsuits. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). While this Court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of abusive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Ortman*, 99 F.3d at 811. A district court may properly require vexatious litigators to obtain leave of court before accepting any further complaints for filing, *see Filipas*, 835 F.2d at 1146, and may deny a vexatious litigant permission to proceed *in forma pauperis*. *See, e.g.*, *Boswell v. Wright*, 142 F.3d 432 (6th Cir. 1998). The imposition of these prospective orders has been upheld where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith . . . ." *Maxberry*, 879 F.2d at 224. It is clear to this Court that Lawrence's conduct in this case and other cases in this Court amounts to such abuse.

Given Lawrence's repeated abusive and vexatious conduct, the Court concludes that the least severe sanction likely to deter him from filing such lawsuits in the future is to impose a

permanent injunction prohibiting him from proceeding without the prepayment of the filing fee in any future action filed in this Court. This injunctive relief has no punitive aspect and serves a purely deterrent function. Accordingly, **IT IS HEREBY ORDERED** that:

**Marcus J. Lawrence shall no longer be permitted to file an action without prepayment of the filing fee or to proceed *in forma pauperis* in any action in the United States District Court for the Western District of Kentucky**. **The Clerk of Court is DIRECTED not to accept for filing any action by Marcus J. Lawrence that is not accompanied by the proper filing fee**.

Date: March 23, 2017

                                                  **Greg N. Stivers, Judge**
                                                  **United States District Court**

cc:      Marcus J. Lawrence, *pro se*
          Defendants
          United States District Court, Western District of Kentucky, all divisional offices
4416.010